U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 18, 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| SANDRA THRASHER | CIVIL ACTION NO. 06-2317 |
| versus | JUDGE TRIMBLE |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is a motion in limine or, in the alternative, motion for partial summary judgment [R. 12] filed by defendant. For the reasons expressed below, the court finds that defendant's motion should be GRANTED.

This suit was filed in the Fourteenth Judicial District Court, Parish of Calcasieu by plaintiff on September 25, 2006, alleging violations of Louisiana Revised Statutes ("LRS") 22:658 and 1220 by defendant, Metropolitan Property and Casualty Insurance Company, in its administration of her claim for damage and loss of property as a result of Hurricane Rita.[1] Specifically, plaintiff alleges that she lost her home and all the contents thereof as a result of the storm and that, in contravention of Louisiana law, the defendant – who issued and held her homeowner's policy – failed to pay the amount of the claim or make settlement offers thereon. Plaintiff further asserts that defendant's behavior and conduct during mediation of the claim constituted further violation of defendant's affirmative duties under Louisiana law.

---

[1] Complaint [R. 1].

1

Defendant does not dispute that plaintiff's home and belongings were destroyed by Hurricane Rita.[2] Defendant does dispute, however, that the homeowner's policy it issued to plaintiff covered the perils which actually caused property loss in this case.[3] Specifically, defendant claims that plaintiff's property damage and loss was caused by "...flood, waves, tidal water and overflow of a body of water..." which are excluded perils under the policy issued to plaintiff.

Defendant's instant motion seeks to exclude evidence of written or oral communication made by the parties during mediation on the basis that such information is privileged and inadmissible. Plaintiff opposes this motion in limine only with respect to the language of the judgment sought by defendant, which plaintiff feels is "overly broad" in its exclusion of evidence. Plaintiff does not expect to introduce "evidence specifically regarding the mediation and settlement negotiations."

LRS 9:4112 provides, in pertinent part:

> "A.   Except as provided in this Section, all oral and written communications and records made during mediation, whether or not conducted under this Chapter and whether before or after the institution of formal judicial proceedings, are not subject to disclosure, and may not be used as evidence in any judicial or administrative proceeding.
>
> \*          \*          \*
>
> C.   The confidentiality provisions of this Section do not extend to statements, materials and other tangible evidence, or communications that are otherwise subject to discovery or are otherwise admissible, merely because they were presented in

---

[2] Defendant's motion [R. 12-1] at ¶ 2.

[3] Id. at ¶ 3.

> the course of mediation, if they are based on proof independent of any communication or record made in mediation.
>
> \*     \*     \*
>
> E. Confidentiality, in whole or in part, may be waived when all parties and the mediator specifically agree in writing."

Plaintiff presents no evidence of waiver in response to defendant's motion. Accordingly, the court finds that defendant's motion in limine pertaining to oral and written communications during mediation should be granted as dictated by the applicable statute.

Defendant's motion also seeks judgment on the issue of whether or not amendments to LRS 22:658, which became effective on August 15, 2006, are applicable to plaintiff's claims. LRS 22:658 assigns to all insurers the duty to pay all claims "due" within thirty (30) days of receipt of "satisfactory proofs of loss." This statute also provides that penalties may be imposed when an insurer's claim denial is arbitrary, capricious or without probable cause. The amendments at issue raised the statute's available penalties from twenty-five percent (25%) to fifty percent (50%) of any amount found to be due to plaintiff and made "reasonable attorney fees" available as well.

Plaintiff's responsive brief argues that genuine issues of material fact still exist as to whether or not the amended portions of §§ 658 apply because defendant's motion fails to provide summary judgment evidence of applicable dates necessary to determine whether or not the causes of action at issue accrued before August 15, 2006, the effective date of the amendement.

Defendants refer the court to a recent ruling by this court, speaking through Magistrate

Judge Hill, in the case of Fontenot v. Metropolitan Property & Casualty Insurance Co.[4]. In that case plaintiff claimed property losses stemming from a hot water leak which occurred in July of 2005. Defendant Metropolitan tendered to plaintiffs an amount which plaintiffs deemed insufficient to cover their losses, which prompted plaintiffs to file suit on July 21, 2006. The action was removed to federal court in November of 2006. At plaintiffs' request, and pursuant to the appraisal provisions in their policy, a Louisiana court appointed an umpire who rendered an appraisal award in favor of plaintiffs on March 6, 2007. Plaintiffs amended their complaint in order to add new allegations in support of their claim for statutory penalties under § 658.

The court found that plaintiffs' original petition asserted a cause of action under LRS 22:658 when it was filed, necessarily limiting plaintiffs' recovery of potential statutory penalties to twenty-five percent (25%), as this was the statute's provision at the time the right accrued. Citing the Louisiana Supreme Court's ruling in Broussard v. State Farm[5], the court found that plaintiffs' cause of action under LRS 22:658 accrued before the filing of the suit. The court also rejected the view that continued non-payment after receipt of the appraisal award constituted a separate cause of action under this statute.

In the instant suit, evidence submitted by Metropolitan establishes that Metropolitan became aware of plaintiff's property loss on September 26, 2005, only two days after the actual loss was sustained.[6] Plaintiff produced the adjuster's written report detailing the findings of

---

[4]Civil Action No. 06-2234, United States District Court for the Western District of Louisiana.

[5]2007 WL 2264535 (Vance, J.).

[6]See, "Exhibit 3" to defendant's motion (claim denial letter of November 6, 2005 stating "your loss was received in our office on 9/26/05 for damages due to the hurricane").

4

Metropolitan's adjuster, Chad Diden, from his October 15, 2005 inspection of plaintiff's claimed losses.[7] It is undisputed that Metropolitan denied plaintiff's claim in writing on November 6, 2005.[8]

Applying the logic of Louisiana courts, we must determine whether or not the statutory thirty (30) day period for payment of claims "due" expired before the amendment's effective date – August 15, 2006.[9] This determination is complicated by disagreements between the parties as to whether or not Metropolitan actually received satisfactory proofs of loss before it issued its November 2005 claim denial. Defendant asserts that it did receive such proofs upon receipt of its adjuster's report, in which Chad Diden attested that the hurricane's storm surge had certainly reached the area in which plaintiff's insured property was located. Plaintiff refutes this and suggests that the adjuster's advice to Metropolitan that an engineer be assigned to the claim, also contained in the report, establishes that no satisfactory proof could be had from his inspection of the property. Plaintiff also notes Chad Diden's deposition testimony in which he admits that at least a portion of the photographs he took do not depict plaintiff's insured property, but, rather, another similar slab on the same street.[10]

Louisiana courts have generally defined "satisfactory proofs of loss" as proof such is

---

[7]"Exhibit A" to plaintiff

[8]"Exhibit 3" to defendant's motion.

[9]Accord Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, 554 So.2d 1347 (La. App. 1 Cir. 1989); Francis v. Travelers Ins. Co., 581 So.2d 1036 (La. App. 1 Cir, 1991); Geraci v. Byrne, 934 So.2d 263 (La. App. 5 Cir. 2006).

[10]"Exhibit B" to plaintiff's response to defendant's motion.

necessary to "fully apprise the insurer of the insured's claim."[11] Considering the facts of this case, the court finds that the report of Metropolitan's adjuster contained sufficient proofs of loss in that it apprised Metropolitan of plaintiff's property loss and homeowner's policy claim.[12] Although the adjuster's report did suggest the assignment of an engineer to the claim, we do not view this opinion as one sufficient to suspend the tolling of the statutory period for payment of a claim found to be due indefinitely, or until the insurer sees fit to follow such advice, which is, after all, advice which may be heeded or dismissed. In the court's view it is certain that plaintiff's claim for loss and penalties arose before August 15, 2006 when the amendment to Section 658 became effective. Accordingly, the court finds that, should plaintiff establish a violation by Metropolitan of LRS 22:658, she may recover penalties in an amount not to exceed twenty-five percent (25%) of any amount found to be due on her claim for property loss, as this was the allowable penalty under the statute as it existed at the time her right of action accrued. The court also notes that under the prior version of Section 658, which we have found applicable in this case, plaintiff is not entitled to the recovery of attorney fees.

The court also finds that Metropolitan is correct in its argument that LRS 22:1220 does not provide for attorney fees. This portion of defendant's motion for summary judgment shall also be granted.

Finally, we address Metropolitan's motion for summary judgment as it pertains to

---

[11] Marketfare Aunnunciation, LLC v. United Fire & Casualty Co., 2007 WL 4144944 (E.D. La. 2007), at p. 5 (internal citations omitted).

[12] See, Francis v. Travelers Ins. Co., supra, 581 So. 2d at 1044 (holding that the insurer's receipt of medical records upon which plaintiff's claim was based constituted sufficient proofs of loss and began the tolling of statutory period for payment of claim).

February 23, 2006 amendments to both LRS 22:658 and 1220, prohibiting insurers from basing a claim denial on the presence of a floodwater mark on a covered structure or the fact that a home is displaced from its foundation. Defendant asserts, for the reasons expressed above, that subsection B(6) of Section 1220, which provides for damages and/or penalties for violations of the portions of Section 658 added by the February 2006 amendment, does not apply to plaintiff's claim. The court agrees and finds that Metropolitan's claim denial, whether proper or not, occurred on November 6, 2005, well before the amendment at issue became effective. Accordingly, we find that this portion of defendant's motion should also be granted.

Alexandria, Louisiana

December 18, 2007

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE